## MARRIOTT–HOT SHOPPES, INC., Appellant,

v.

### BURGER FAMILY, INC., Appellee.

**Patent Appeal No. 8129.**

United States Court of Customs and Patent Appeals.

April 3, 1969.

———◆———

(Francis C. Browne, Richard G. Kline, Washington, D. C., of counsel) Browne, Schuyler & Beveridge, Washington, D. C., for appellant.

Marlin Ralph Shaffer, Salt Lake City, Utah, for appellee.

---

\* Senior Judge, United States District Court for the District of Columbia, sitting by designation.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and Mc-GUIRE,\* Judges.

ALMOND, Judge.

Marriott-Hot Shoppes, Inc., appeals from the decision of the Trademark Trial and Appeal Board, 152 USPQ 838, dismissing its opposition to the application of Burger Family, Inc.,[1] seeking registration on the Principal Register of the mark TEEN burger (with "burger" being disclaimed) for "Hamburger Type Sandwiches," asserting use in interstate commerce on or before August 26, 1963.

Appellant alleged below and contends here that the mark for which registration is sought so resembles the mark TEEN allegedly used previously by it for sandwiches as to be likely to cause confusion or mistake or to deceive within the purview of section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052(d)).

The record discloses that appellant operates a chain of family type drive-in restaurants dispersed throughout this country, and that since 1958 its menus have continuously featured the term TEEN TWIST as a designation for a sandwich on a twisted roll intended to appeal to teenagers. TEEN TWIST has been advertised on occasion through the media of newspapers and radios. It was stipulated that one of appellant's restaurants located in Maryland sold 669 TEEN TWIST sandwiches in the week of July 27, 1964.

The board observed that while appellant had pleaded the use of the term TEEN as a trademark for sandwiches, the record disclosed that the term had been used by it *only* as a part of the mark TEEN TWIST.

The record further discloses that appellee is the owner of subsisting registrations of the marks THE BURGER FAMILY, MAMA BURGER, PAPA BURGER, and BABY BURGER,

---

1. Serial No. 195,203 filed June 9, 1964.

and that through the facilities of drive-in type restaurants, it has used those marks and the mark TEEN BURGER in connection with the sale of hamburger sandwiches.

The board held that:

Since it thus appears that opposer is here the prior user, and the marks of the parties are both applied to sandwiches, this case turns solely on a comparison of the marks.

In this regard, "TEEN TWIST" and "TEEN BURGER" are both suggestive of sandwiches appealing to teenagers. Considering the nature of these marks, and the differences between them when considered in their entireties, it is our opinion that their contemporaneous use is not reasonably likely to cause confusion or mistake or to deceive.

Our review of the record and the briefs and arguments of counsel are not persuasive of error in the decision of the board. We deem it pertinent to point out more precisely than did the board that the actual sandwich designations employed by appellant were TEEN TWIST SANDWICH and TEEN TWIST. The letters and words designating the sandwich in appellant's menu exhibit are all of standard, bold block form. The descriptive contents of the sandwich have no reference to burger or hamburger. The words TEEN TWIST SANDWICH appear conjointly in a single line comprised of letters of the same size and type. The TEEN element thereof is not distinguished by space, position, type or style from the remainder of the phrase. In the menu exhibit appellant's hamburger sandwich is designated by the registered mark MIGHTY MO. Other burger sandwiches offered thereon are identified by the description "Hot Shoppe's" and "Grilled Cheeseburger." It is of interest to note that appellant's witness, Mrs. Haney, described the Teen Twist sandwich as being wrapped with paper bearing the mark MIGHTY MO on the inside of the wrapping.

Finding it highly dubious from the record that TEEN per se was ever selected or promoted to identify any of appellant's sandwiches, and considering the marks in their entireties, we fail to see any likelihood of confusion. In our opinion the record fairly supports the decision of the board, which is accordingly affirmed.

Affirmed.